**The Law Office of Mark A. Siesel, Esq.**
**Attorney for Plaintiffs**
**200 Mamaroneck Avenue, Suite 500**
**White Plains, New York 10601**
**(914) 761-7633**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
---------------------------------------------------------------X
JASON DELAURA,

                Plaintiff,

   - against -

NIKE, INC.,

                Defendant.
---------------------------------------------------------------X



Index No: 

**SUMMONS**

Plaintiff designates
WESTCHESTER COUNTY
as the place of trial.

**The basis of venue is**
Plaintiff's Residence
52 Joyce Road
Eastchester, NY 10709
**County of Westchester**

**TO THE ABOVE-NAMED DEFENDANTS:**

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, on plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service, or, within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: White Plains, New York
       January 11, 2010

                                        Yours, etc.

                            By: _____
                               THE LAW OFFICE OF MARK A. SIESEL
                               Attorney for Plaintiffs
                               Office & P.O. Address
                               200 Mamaroneck Avenue, Suite 500
                               White Plains, New York 10605

TO:   NIKE, INC.
        Suite 501
        875 Avenue of the Americas
        New York, New York 10001

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------x
JASON DELAURA,

                             Plaintiff,

      -against-

NIKE, INC.

                            Defendant.
------------------------------------------------------------x

Index No.: 2893/10

VERIFIED COMPLAINT

        Plaintiff, by his attorneys, THE LAW OFFICES OF MARK A. SIESEL, complaining of the defendant herein alleges as follows:

        FIRST:     That at all times hereinafter mentioned, the Plaintiff was and is a resident of the County of Westchester, State of New York.

        SECOND:     That at all times hereinafter mentioned, upon information and belief, the defendant, **NIKE, INC.**, was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

        THIRD:     That at all times hereinafter mentioned, upon information and belief, the defendant, **NIKE, INC.**, was and still is a foreign corporation duly authorized to do business within the State of New York.

        FOURTH:     That at all times hereinafter mentioned, upon information and belief, the defendant, **NIKE, INC.**, was and still is a business entity doing business within the State of New York.

        FIFTH:     That at all times hereinafter mentioned, upon information and belief, the defendant, **NIKE, INC.**, was the manufacturer of sneakers known as "Nike Shox sneakers."

SIXTH: That on or about the 19th day of June, 2008, while plaintiff **JASON DELAURA** was using the Nike Shox sneakers as they were intended, he was caused to fall and suffer severe and permanent personal injuries.

SEVENTH: That the aforesaid accident and resulting injuries were caused by the negligent, wanton, reckless and careless acts of the defendant, its agents, servants and/or employees.

EIGHTH: That the defendant, its agents, servants and/or employees were negligent, reckless and careless in, among other things, failing to test, inspect, construct, distribute, and manufacture sneakers which were not fit for use by members of the general public, including the plaintiff in particular.

NINTH: That the defendant, its agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendant could have and should have had knowledge and notice thereof, and further, the defendant, its agents, servants and/or employees created said condition.

TENTH: The limited liability provisions of C.P.L.R. Section 1601 do not apply pursuant to one of more of the exceptions of C.P.L.R. 1602.

ELEVENTH: That by reason of the foregoing, this plaintiff was caused to sustain severe and serious personal injuries, which, upon information and belief, are permanent with permanent effects of pain, disability, disfigurement and loss of body function.

Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident.

TWELFTH: That by reason of the foregoing, the plaintiff was damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JASON DELAURA AGAINST DEFENDANT NIKE, INC.

THIRTEENTH: Plaintiff repeats, realleges and reiterates each and every allegation contained in the complaint number "FIRST" through "TWELFTH" with the same force and effect as if the same were more fully set forth herein at length.

FOURTEENTH: That at all times mentioned, Defendant **NIKE, INC.** is a corporation duly organized and existing under the laws of the State of New York.

FIFTEENTH: That at all times hereinafter mentioned, **NIKE INC.** is a foreign corporation authorized to do business in the State of New York.

SIXTEENTH: That at all times hereinafter mentioned, the defendant **NIKE, INC.** transacted and continued to transact business within the State of New York and/or did contract to supply goods and/or services within the State of New York.

SEVENTEENTH: That at all time hereinafter mentioned **NIKE INC.** regularly did business or solicited business or engaged in a persistent course of conduct or derived substantial revenue from goods used or consumed from services rendered within the State of New York.

EIGHTEENTH: That at all times hereinafter mentioned, **NIKE INC.** expected or reasonably should have expected that their acts of manufacturing, selling, and/or distributing their products in the State of New York would have consequences within the State of New York and Nike, Inc. derived substantial revenue from these products from interstate commerce.

NINETEENTH: That at the time of the accident involving Plaintiff **JASON DELAURA**, he was using the Nike Shox sneakers product as intended and could not reasonably have discovered through the normal use of the Nike Shox Sneakers that they were defectively designed, engineered and manufactured.

TWENTIETH: At all times hereinafter mentioned, Defendant **NIKE INC.** manufactured, designed, assembled, produced, created, inspected, tested, marketed, promoted, distributed and sold the Nike Shox sneakers to members of the public, including to plaintiff **JASON DELAURA**.

TWENTY-FIRST: That at all times hereinafter mentioned, Defendant **NIKE INC.** marketed, promoted, distributed and sold the Nike Shox Sneakers product to the general public.

TWENTY-SECOND: The Nike Shox sneakers was defectively and negligently designed, assembled, manufactured, produced, created, tested, inspected, marketed, promoted, and distributed.

TWENTY-THIRD: The Defendant negligently, carelessly, and recklessly represented that the aforementioned Nike Shox sneakers were safe for their intended purpose.

TWENTY-FOURTH: The Nike Shox sneakers were not safe for their intended purpose.

TWENTY-FIFTH: The Defendant failed to give adequate warnings and or instructions as to the use of the Nike Shox sneakers, the dangers and possibilities of injuries from using the Nike Shox sneakers, and failed to give any instructions whatsoever as to its safe use, when they knew, or should have known, in the exercise of reasonable care and due diligence, that members of the general public, and the plaintiff in particular, were ignorant of the dangerous characteristics and defective properties of the Nike Shox sneakers, and that proper and adequate warnings and instructions were necessary for the safe and proper use of the Nike Shox sneakers.

TWENTY-SIX: Based on the above, the Defendant is strictly liable in tort to the Plaintiff.

TWENTY-SEVENTH: On June 19, 2008, due to the negligence, careless, and recklessness of the Defendant as described above, the plaintiff was seriously and permanently injured while using the Nike Shox sneakers as intended by the Defendant.

TWENTY-EIGHTH: That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JASON DELAURA AGAINST DEFENDANT NIKE, INC.

TWENTY-NINTH: Plaintiff repeats, realleges and reiterates each and every allegation contained in the complaint number "FIRST" through "TWENTY-EIGHTH"

with the same force and effect as if the same were more fully set forth herein at length.

THIRTIETH: The Defendant expressly and impliedly warranted to the public and the Plaintiff in particular, and to any and all consumers and users, that the above described product was safe and fit for its particular purpose and intended use, was of merchantable quality and was not dangerous; to wit, that it could be used safely.

THIRTY-FIRST: At all times hereinafter mentioned, the plaintiff used the Nike Shox sneakers in a manner consistent with its intended use.

THIRTY-SECOND: At all times hereinafter mentioned, the use to which the plaintiff used the Nike Shox sneakers was reasonably foreseeable.

THIRTY-THIRD: Plaintiff, **JASON DELAURA**, relying upon the express and implied warranties of the Defendant, and depending upon the skill and judgment of such Defendant as to the quality and fitness of the Nike Shox sneakers, used the Nike Shox sneakers for the purposes inherent in its use.

THIRTY-FOURTH: The Nike Shox sneakers did not conform with the express and implied warranties as alleged above in that the Nike Shox sneakers were unfit for the purpose for which they were intended and were dangerous to the life and limb of any person using same, and these facts were never made known to the Plaintiff.

THIRTY-FIFTH: The Nike Shox sneakers were inherently dangerous and hazardous by reason of the defective and negligent design and/or manufacture and/or assembly.

THIRTY-SIXTH: By reason of their superior knowledge, the Defendant was, or should have been, aware of the dangers and hazards created by the Nike Shox sneakers' design, construction, manufacture and assembly.

THIRTY-SEVENTH: The Nike Shox sneakers were not fit for their intended use and the Defendant breached their implied warranty of fitness for intended use and for a particular purpose, and breached their express warranties and representations.

THIRTY-EIGHTH: That as a result of the breach of express and implied warranties of the Defendant, the plaintiff was severely injured, all of which injuries have caused, are causing, or will cause pain and suffering, that plaintiff believes his injuries are permanent in scope, and that the Plaintiff have been forced to seek medical aid and attention and will continued to do so in the future.

THIRTY-NINTH: By reason of the foregoing, the plaintiff **JASON DELAURA** has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

## AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, JASON DELAURA AGAINST DEFENDANT NIKE, INC.

FORTIETH: Plaintiff repeats, realleges and reiterates each and every allegation contained in the complaint number "FIRST" through "THIRTY-NINTH" with the same force and effect as if the same were more fully set forth herein at length.

FORTY-FIRST: That at all times mentioned, Defendant **NIKE INC.** is a corporation duly organized and existing under the laws of the State of New York.

FORTY-SECOND: That at all times hereinafter mentioned, **NIKE INC.** is a foreign corporation authorized to do business in the State of New York.

FORTY-THIRD: That at all times hereinafter mentioned, the defendant **NIKE INC.** transacted and continued to transact business within the State of New York and/or did contract to supply goods and/or services within the State of New York.

FORTY-FOURTH: That at all time hereinafter mentioned **NIKE INC.** regularly did business or solicited business or engaged in a persistent course of conduct or derived substantial revenue from goods used or consumed from services rendered within the State of New York.

FORTY-FIFTH: That at all times hereinafter mentioned, **NIKE INC.** expected or reasonably should have expected that their acts of manufacturing, selling, and/or distributing their products in the State of New York would have consequences within the State of New York and **NIKE INC.** derived substantial revenue from these products from interstate commerce.

FORTY-SIXTH: That at the time of the accident involving Plaintiff **JASON DELAURA**, he was using the Nike Shox sneakers product as intended and could not reasonably have discovered through the normal use of the Nike Shox sneakers that they were defectively designed, engineered and manufactured.

FORTY-SEVENTH: At all times hereinafter mentioned, Defendant **NIKE INC.** manufactured, designed, assembled, produced, created, inspected, tested, marketed, promoted, distributed and sold the "Nike Shox sneakers" product.

FORTY-EIGHTH: That at all times hereinafter mentioned, Defendant **NIKE INC.** marketed, promoted, distributed and sold the Nike Shox sneakers product to the general public.

FORTY-NINTH: The Nike Shox sneakers was defectively and negligently designed, assembled, manufactured, produced, created, tested, inspected, marketed, promoted, and distributed.

FIFTIETH: The Defendant negligently, carelessly, and recklessly represented that the aforementioned Nike Shox sneakers were safe for their intended purpose.

FIFTY-FIRST: The Nike Shox sneakers were not safe for their intended purpose.

FIFTY-SECOND: The Defendant failed to give adequate warnings and or instructions as to the use of the Nike Shox sneakers, the dangers and possibilities of injuries from using the Nike Shox sneakers, and failed to give any instructions whatsoever as to its safe use, when they knew, or should have known, in the exercise of reasonable care and due diligence, that members of the general public, and the plaintiff in particular, were ignorant of the dangerous characteristics and defective properties of the Nike Shox sneakers, and that proper and adequate warnings and instructions were necessary for the safe and proper use of the Nike Shox sneakers.

FIFTY-THIRD: Based on the above, the Defendant is strictly liable in tort to the Plaintiff.

FIFTY-FOURTH: On June 19, 2008, due to the negligence, careless, and recklessness of the Defendant as described above, the plaintiff was seriously and permanently injured while using the Nike Shox sneakers as intended by the Defendant.

FIFTY-FIFTH: That by reason of the foregoing, the plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction herein.

**WHEREFORE**, plaintiff, **JASON DELAURA** demands judgment against the defendant, **NIKE, INC.** as follows:

    a.    On the First Cause of Action, in an amount that exceeds the jurisdictional limits of all lower courts;

   b. On the Second Cause of Action, in an amount that exceeds the jurisdictional limits of all lower courts;

   c. On the Third Cause of Action, in an amount that exceeds the jurisdictional limits of all lower courts;

   d. On the Fourth Cause of Action, in an amount that exceeds the jurisdictional limits of all lower courts;

   e. The costs and disbursements of this action; and

   f. Such other relief as to this Court seems just and proper.

Dated: White Plains, New York
   January 11, 2010

Yours, etc.,

THE LAW OFFICE OF MARK A. SIESEL
Attorneys for Plaintiff
200 Mamaroneck Avenue
Suite 500
White Plains, NY 10601
914-761-7633

## VERIFICATION

STATE OF NEW YORK         )
                          ss.:
COUNTY OF WESTCHESTER    )

**JASON DELAURA**, being duly sworn says: I am the plaintiff in the action herein; I have read the annexed Verified Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

Dated: December 30, 2009

_____
JASON DELAURA

Sworn to before me this
30th day of December, 2009

_____
Notary Public

MARK A. SIESEL
Notary Public, State of New York
No. 02SI4987353
Qualified in Westchester County
Commission Expires February 23, 20 11

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

JASON DELAURA,

                               Plaintiff(s),

           -against-

NIKE, INC.,

                               Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**MARK A. SIESEL**
**ATTORNEY AT LAW**
**Attorneys for Plaintiffs**
**200 Mamaroneck Avenue**
**Suite 500**
**White Plains, New York 10601**
**(914) 761-7633**
**FAX (914) 761-2446**

Attorney for

Service of a copy of the within                  is hereby admitted,
Dated:

                Attorneys for

PLEASE TAKE NOTICE

that the within is a (certified) true copy of an Order entered in the office of the clerk of the within named Court on

that an Order of which the within is a true copy will be presented for settlement to the Hon
one of the judges of the within named Court,

               at       M

Dated

*MARK A. SIESEL*
*ATTORNEY AT LAW*
*Attorney(s) for Plaintiffs*
*Office and Telephone No.*
200 Mamaroneck Avenue
Suite 500
White Plains, New York 10601
(914) 761-7633